UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHELDON ORNSTEIN, as Executor of the Estate
of IRMA GRANT,

                                      Plaintiff,

        – against –

LYNDON BAINES JOHNSON HEALTH COMPLEX,
INC., INTERFAITH MEDICAL CENTER, THE
BROOKLYN HOSPITAL CENTER, THE NEW YORK
CITY HEALTH AND HOSPITALS CORP., BEDFORD
MEDICAL CENTER, CENTRAL BROOKLYN
MEDICAL GROUP, BEDFORD WILLIAMSBURG
CENTER, & MARIE BUNAG, M.D.

                                  Defendants.
----------------------------------------------------------------X

MEMORANDUM & OPINION
04-CV-4627 (NGG)

GARAUFIS, United States District Judge.

Defendants Central Brooklyn Medical Group P.C. s/h/a Bedford Medical Center, Central Brooklyn Medical Group, Bedford Williamsburg Center ("Group") and defendant New York City Health and Hospitals Corporation ("NYCHHC") (collectively "Defendants") move to dismiss or remand this case to State court for lack of subject matter jurisdiction, or alternately, for reasons of collateral estoppel, to affirm the decision by Judge Marsha Steinhardt of New York State Supreme Court, Kings County granting Defendants summary judgment. (Mem. L. Dft. Group Mot. Remand & Apply Collateral Estoppel ("Group Mem.") at 2; Mem. L. Dft's Mot. To Dismiss ("NYCHHC Mem.") at 1-2.) Sheldon Ornstein, as executor of the estate of Irma Grant,[1] ("Ornstein" or "Plaintiff") responds that the State court did not have jurisdiction when Judge

---

[1] According to submissions by the Group, Warren Slaughter has replaced Sheldon Ornstein as Administrator of Grant's estate. (Group Mem. at 3 n.2.)

1

Steinhardt's decision was issued and therefore that the decision granting summary judgment to defendants is invalid.

For the reasons set forth below, Group's and NYCCHC's motions to remand are granted.

**BACKGROUND**

Irma Grant ("Grant") was treated by the Lyndon Baines Johnson Health Complex prior to 1994.[2] (Affirmation in Opp. ("Ornstein Resp.") at 2.) In 1994, she followed her gynecologist to the defendant Group's facility, where she was treated from August 1994 until February 1997. (Id.) On or about July 7, 1997, Grant was treated at Woodhull Hospital ("NYCCHC Hospital").[3] (NYCCHC Mem. Ex. C ("NYCCHC Verified Answer") at 1.) In November 1997 Grant was diagnosed with Stage 3B cervical cancer. (Ornstein Resp. at 3.)

Irma Grant filed a personal injury lawsuit against the Group, NYCCHC, the Lyndon Baines Johnson Health Complex, and Marie Bunag, M.D. in the Supreme Court of the State of New York, King's County in February 1999. (Group Mem. Ex. A ("Verified Complaint").) Ms. Grant died of cervical cancer in April 1999. (Group Mem. at 3.) In 2000, after Ms. Grant's executor took over the matter, Grant's case was consolidated with a related case also pending in New York State court. (Id. at 4; Id. Ex. C ("Amended Verified Complaint").)

In July 2004, the Group and NYCCHC each filed a motion for summary judgment. (See Group Mem. Ex. F ("Group Summary Judgment Motion"); NYCCHC Mem. Ex. F ("Steinhardt Order") at 2.) After hearing oral argument, Judge Marsha Steinhardt of the New York Supreme

---

[2]The Lyndon Baines Johnson Health Complex was originally a defendant in this trial. It has been replaced by the United States.

[3] Woodhull Hospital is a New York City Health and Hospitals Corporation Hospital.

Court issued a decision granting defendants summary judgment. (Steinhardt Order.) The decision is dated October 27, 2004 and was entered into the docket file on November 4, 2004. (Id.) Plaintiff was served with a Notice of Entry on November 15, 2004. (Group Mem. Ex. G)

On October 27, 2004, the United States substituted itself as a defendant in place of defendant Lyndon Baines Johnson Health Complex, finding the health complex to be an employee of the United States for purposes of the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. (Group Mem. Ex. H ("Notice of Removal").) The United States Attorney's Office for the Eastern District of New York filed a Notice of Removal to bring the case to federal court on October 27, 2004, coincidentally the same date Steinhardt signed the summary judgment decision. (Id.) In February 2005, claims against the United States were dismissed without prejudice to allow the plaintiff to exhaust administrative remedies as required under the Federal Tort Claims Act. (Stipulation and Order of Feb. 3, 2005.)

**ANALYSIS**

In June of 2005, defendants Group and NYCCHC filed in this court a motion to dismiss or remand the present case. The defendants raised two issues: (1) does this court currently have subject matter jurisdiction over this case; and (2) did the state court have jurisdiction at the time Judge Steinhardt issued her summary judgment decision such that collateral estoppel would apply to the instant federal case.

I.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. The Federal Tort Claims Act (FTCA) provides federal district courts with "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death

caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ." 28 U.S.C. § 1346 (b). However, this court had no other source of subject matter jurisdiction and so lost subject matter jurisdiction when the claims against the United States were dismissed without prejudice. The plaintiff filed a claim, pursuant to the FTCA, with the United States Department of Health and Human Services, Claims Office on March 1, 2005. (Ornstein Resp. at 3.) Ornstein could have added the United States as a defendant to this case as early as September 2005. (See Stipulation of Feb. 3, 2005.) Instead the plaintiff filed a new case, Slaughter v. United States, 05 Cv 5003 (RJD) (SMG) in December 2005. The parties in that case indicated a willingness to stipulate to the consolidation of Slaughter with this case. (Slaughter, 05 Cv 5003 (RJD) (SMG), Minute Entry of Feb. 21, 2005.) But the cases have yet to be consolidated. As the claims against the present defendants are remanded for the reasons set forth below, the question of consolidation is moot.

I hereby GRANT the motion to dismiss for lack of subject matter jurisdiction. Due to the fact that Ornstein and the United States may very well be in the process of filing the stipulation for consolidation, which would provide this court with subject matter jurisdiction, I will also address the other grounds for remand/dismissal raised by Defendants.

II.     State Court Jurisdiction

Defendants move for dismissal or remand on the grounds that the plaintiff is collaterally estopped from pursuing the instant suit as a result of a summary judgment decision in their favor issued by Judge Steinhardt of New York State Supreme Court. Group and NYCCHC both assert that the New York Supreme Court had jurisdiction when Judge Steinhardt's order went into effect because the effective date for the order is the date that Judge Steinhardt signed it, viz.

4

October 27, 2004. (Group Mem. at 3; NYCCHC Mem. at 1.) NYCCHC further alleges that the case's removal to federal court did not take effect until the following day, October 28, 2004. (NYCCHC Mem. at 3.) Ornstein, however, argues that the state court lost jurisdiction on October 27, 2004 and that Judge Steinhardt's decision was not effective until November 15, 2004 when plaintiff was served the Order with Note of Entry. (Ornstein Resp. at 4-5.)

A. Date of Removal

A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court. See Cullen v. BMW of North America, 84 F.R.D. 342, 343 (E.D.N.Y. 1979) (Neaher, J.); Lindon v. Chase Manhattan Corp., 52 F.Supp. 2d 387, 388 (S.D.N.Y. 1999). This court, therefore, has had jurisdiction over this case since October 27, 2004. A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court. Echevarria v. Silberglitt, 441 F.2d 225, 227 (2d Cir. 1971) ("[t]he language of 28 U.S.C. § 1446(e) (1964) could not be clearer. . . . The state court is deprived of jurisdiction") (internal quotations and citation omitted); Mahmound v. Mahmoud, 1997 WL 43524 * 2 (E.D.N.Y.) ("the State court shall proceed no further unless and until the case is remanded") (Dearie, J.). Thus, in the present matter, the New York Supreme Court lost jurisdiction on October 28, 2004 when the United States filed its notice of Removal. On October 27, 2004, the New York Supreme Court and this federal district court shared concurrent jurisdiction. See Echevarria, 52 F. Supp. 2d. at 388 ("both state and federal courts have jurisdiction until the process of removal is completed") (internal quotations and citation omitted); Cullen, 84 F.R.D. at 343 (after filing notice of removal in federal court but before perfecting notice in state court, defendant "at best vested jurisdiction in both State and federal courts until defendant made a proper filing, [so] remand is not

5

warranted").

B. <u>Effective Date of Order</u>

Determining what date Judge Steinhardt's summary judgment decision went into effect is more complicated. The parties fail to cite, and I am aware of no, binding precedent directly addressing this specific question.

In defendants' favor are a few New York cases that prioritize "judicial" functions to "ministerial" functions. <u>See</u>, <u>e.g.</u>, <u>Appeal of Sember</u>, 79 N.Y.S. 2d 156, 161 (N.Y. App. Div. 1948) ("the more important of which is determining the rights of the parties concerned being, of course, the judicial" functions); <u>Case v. Forgacs</u>, 105 N.Y.S. 2d 759, 761 (N.Y. App. Div. 1951) ("the entry of the judgment in the Justice's docket is a ministerial act and [] subsequent entry or in fact failure to enter did not in itself invalidate the judgment"). Under these cases, judgments that had were not docketed correctly were still held to be valid judgments.

However, there is another line of New York cases that deals with the role of docketing in perfecting a judgment issued by a judge. <u>See</u>, <u>e.g.</u>, <u>Fish v. Emerson</u>, 44 N.Y. 376 (N.Y. App. Div. 1871) (finding filing to be a "ministerial" function, but holding: "[the] judgment took effect as a judgment of the County Court, not from the day of its rendition, but . . . when the transcript was filed."); <u>Harvey v. Hammer</u>, 249 N.Y.S. 2d 1012, 1015-1016 (noting that "[i]t has always been assumed that the ultimate act of perfecting an order of the Court is its entry," and holding that the time to file appeals does not begin until the service of a written notice of entry).

I must therefore decide whether Judge Steinhardt's ruling was effective, albeit not perfected, on October 27, 2004 when it was signed because the "judicial" function had been completed by the court at that time. I turn to <u>Tarbell v. Jacobs</u>, 856 F. Supp. 101 (N.D.N.Y.

6

1994). In Tarbell, a New York Supreme Court judge signed a default judgment against one defendant on *November 18, 2003*, but the judgement was not entered by the Clerk of the Court until *November 24, 1993*. Meanwhile, both defendants removed the case to federal court on *November 19, 1993*, filing a notice of removal with the state court on *November 22, 1993*. Tarbell, 856 F. Supp. at 102. Judge McAvoy of the Northern District of New York (NDNY) found that "it is entry that marks the moment that enforcement can be sought, id. at 103-04 (quotations and citation omitted), and thus held the state court default judgment to be void.

While Tarbell is a factually similar case and Judge McAvoy's reasoning is persuasive, it is not binding in this case. The time line is eerily similar to what happened in this case, but the cases are distinguishable. There is a glaring differential in the waste of court resources between a default judgment granted before an answer has been filed and a summary judgment decision after six years of litigation and discovery. It is not an effective use of limited court resources to re-do discovery and litigation that has already happened in the State court. Invalidating the State court decision also works against the equity of the parties in this case. Defendants have already defended themselves successfully against this suit and the only bar to recognizing the substantive judgment of Judge Steinhardt is that the docketing of her order potentially was untimely. In the present case, comity and judicial resources would both be promoted by finding Judge Steinhardt's decision valid.

Moreover, New York law supports that Judge Steinhardt's decision is effective notwithstanding the fact that the state court did not have jurisdiction when the judgment was eventually docketed. In Case v. Forgacs, 105 N.Y.S. 2d at 761, and Appeal of Sember, 79 N.Y.S. 2d at 161-62, the New York Appellate Divisions of Schoharie County and Erie County,

7

respectively, found that the judgments in question were *valid* despite errors or delays in docketing because the "judicial" functions of the Judge had been completed. I find that this reasoning is the most persuasive for the current case. On October 27, 2004, when Judge Steinhardt made her ruling, the New York Supreme Court and the Eastern District of New York shared concurrent jurisdiction over this case. In Fish v Emerson, 44 N.Y. at 378, the court declared that the "judicial functions of the justice are complete when he has rendered his judgment," although finding that the order was not perfected until filed. Judge Steinhardt's judicial functions were completed while the State court had jurisdiction. Therefore, I do not find any reason why the State court would need jurisdiction over the case in order to docket the judgment, and thus perfect it. I find Judge Steinhardt's summary judgment ruling to be valid and GRANT the defendants' motion to remand on the grounds that any further action by this court is likely barred by collateral estoppel. See Allen v. McCurry, 449 U.S. 90, 95-96 (1980); Burgos v. Hopkins, 14 F.3d 787, 797 (2d Cir. 1994).[4]

---

[4] Collateral estoppel applies in this case because (1) an issue that had been decided in the prior case is decisive of the present action (namely that the claims against the Group and NYCCHC have been decided as a matter of law in their favor); and (2) there was a full and fair opportunity to contest the decision (Ornstein had filed an opposition to the motion for summary judgment and participated in oral argument in front of Judge Steinhardt).

**CONCLUSION**

The defendant Group's motion to remand is GRANTED on the grounds of lack of subject matter jurisdiction and collateral estoppel. The defendant NYCCHC's motion to remand is GRANTED on the same grounds. This case is hereby remanded to the New York State Supreme Court. The Clerk of the Court is instructed to close the case.

SO ORDERED.

Dated:	March 27, 2006	____/s/_____
	Brooklyn, New York	Nicholas G. Garaufis
		United States District Judge